IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DRUG FAIR GROUP, *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10897<br><br>Related to Docket No. 917 |

**ORDER PURSUANT TO SECTIONS 363(b), (f) AND (m) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 6004 AUTHORIZING THE PLAN ADMINISTRATOR TO SELL THE RIGHTS TO PAYMENTS TO WHICH THE DEBTORS MAY BE ENTITLED PURSUANT TO THE CLASS ACTION INTERCHANGE LITIGATION, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

Upon the Motion, dated January 6, 2012 ("Motion"), of Clifford A. Zucker ("Plan Administrator") pursuant to section 363 of title 11 of the United States Code ("Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") for authorization to sell the rights of Drug Fair Group, Inc., *et al.*,[1] ("Debtors") to the Asset to Cascade Settlement Services, LLC ("Purchaser") free and clear of all liens, claims and encumbrances, all as more fully set forth in the Motion pursuant to the Sale Agreement annexed thereto as Exhibit A; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other notice need be provided; and a hearing (the "Hearing") on the Motion having been held before the Court on February 1, 2012; and upon the record of the Hearing; and such relief being in the best interest of

---

[1] Debtors in these cases are Drug Fair Group, Inc. and CDI Group, Inc.

the Debtors, their estates and creditors; and any objections to the Motion having been resolved, withdrawn or otherwise overruled by this Court; and after due deliberation, and sufficient cause appearing therefor, it is:

FOUND AND DETERMINED THAT:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. Proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, and 9014 and no other or further notice of the Motion or sale shall be required.

D. The Plan Administrator has the authority to execute the Sale Agreement and other documents contemplated thereby.

E. Sound business reasons exist for the sale of the Asset pursuant to the Sale Agreement. Entry into the Sale Agreement and consummation of the transactions contemplated thereby constitute the exercise by the Plan Administrator of sound business judgment and such acts are in the best interest of the estates and creditors. The Court finds that the Plan Administrator has articulated good and sufficient business reasons justifying the sale of the Asset pursuant to Bankruptcy Code sections 105 and 363. Such business reasons include, but are not limited to, the fact that the Sale Agreement constitutes the highest and best offer for the Asset.

F. The Sale Agreement was negotiated, proposed and entered into by the Plan Administrator and Purchaser without collusion, in good faith, and from arm's-length negotiating positions. Neither the Purchaser nor the Plan Administrator has engaged in any conduct that would cause or permit the Sale Agreement to be avoided under Bankruptcy Code section 363(n).

G. The consideration provided by the Purchaser for the Asset is the highest or otherwise best offer received by the Plan Administrator and is fair and reasonable.

H. A sale of the Asset other than one free and clear of liens, claims and encumbrances would impact the estates materially and adversely and will yield substantially less for the estates. As a result, the sale negotiated in the Sale Agreement is in the best interests of the estates and their creditors.

I. A reasonable opportunity to be heard on the Motion was afforded to all parties in interest.

J. The Purchaser is not an "insider" of the Debtors or Plan Administrator as defined in Bankruptcy Code section 101.

K. The transfer of the Asset to the Purchaser will be a legal, valid, and effective transfer of the Asset and will vest the Purchaser with all right, title and interest of the Plan Administrator and Debtors' estates to the Asset free and clear of all liens, claim and encumbrances, including those that purport to give any party any right to terminate the Plan Administrator's, Debtors', or Purchaser's rights to the Asset.

L. The Plan Administrator may sell the Asset free and clear of all liens and claims of any kind because one or more of the standards set forth in Bankruptcy Code section 363(f) has been satisfied.

**BASED ON THE PROCEEDINGS HAD HEREIN, IT IS:**

ORDERED that the Motion is GRANTED; and it is further

ORDERED than any objections to the Motion, not previously withdrawn, are overruled; and it is further

ORDERED that the Sale Agreement, and all of its terms and conditions are approved in their entirety; and it is further

ORDERED that pursuant to section 363(b) of the Bankruptcy Code, the Plan Administrator is authorized to sell the rights to the Asset to the Purchaser for the consideration described in the Motion; and it is further

ORDERED that pursuant to section 363(f) of the Bankruptcy Code, the sale of the Debtors' rights to the Asset to the Purchaser ("Sale") shall be free and clear of any and all liens, claims and encumbrances, with such liens, claims and encumbrances to attach to the proceeds of the sale with the same force, effect, and priority as such liens, claims and encumbrances have on the estates' rights to the Asset, as appropriate, subject to the rights and defenses of the Debtors and any party in interest with respect thereto; and it is further

ORDERED that pursuant to Bankruptcy Code section 363(b), the Plan Administrator is authorized and directed to perform the obligations herein and comply with the terms of the Sale Agreement, and consummate the sale, pursuant to and in accordance with the conditions of the Sale Agreement; and it is further

ORDERED that the Plan Administrator is authorized to execute and deliver, and empowered to perform under, consummate and implement the Sale Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Sale Agreement, and take all further actions that may be reasonably required for the purpose of

assigning, transferring, conveying and conferring the Asset to the Purchaser, or as may be necessary or appropriate to the performance of the obligations contemplated by the Sale Agreement; and it is further

ORDERED that the Purchaser is granted the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code; and it is further

ORDERED that the transfer of the Asset to the Purchaser pursuant to the Sale Agreement constitutes a legal, valid, and effective transfer of the Asset; and shall vest the Purchaser with all right, title and interest of the Debtors and their estates in and to the Asset; it is further

ORDERED that the failure specifically to include any particular provision of the Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sale Agreement is authorized and approved in its entirety; and it is further

ORDERED that the fourteen-day stay under Bankruptcy Rule 6004(h) is waived.

Dated: January 30, 2012

_____
HONORABLE BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE